UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
WESTERN DIVISION

| | |
|---|---|
| SKYLER WARRIOR,<br><br>     Plaintiff,<br><br> vs.<br><br>STACY WICKRE, Judicial Officer at Pennington County Courthouse, in official capacity; DEPARTMENT OF SOCIAL SERVICES, Family Specialist Child Protection at Department of Social Services, in official capacity; SHAWNDAI BRANDENBURGH, Family Services Specialist at Department of Social Services, in official capacity; and RIKKI BURGESS, Family Specialist Supervisor at Department of Social Services, in official capacity,<br><br>     Defendants. | 5:25-CV-05005-RAL<br><br><br>1915A SCREENING<br>OPINION AND ORDER |

Plaintiff Skyler Warrior filed a pro se prisoner lawsuit pursuant to 42 U.S.C. § 1983. Doc. 1. This Court granted Warrior's motion for leave to proceed in forma pauperis, and he paid his initial partial filing fee. Doc. 6. This Court now screens Warrior's complaint under 42 U.S.C. § 1915A.

## I. 1915A Screening

### A. Factual Background

On October 12, 2023, Warrior was incarcerated in the Pennington County Jail. Doc. 1 at 4. Warrior's minor son resided on the Pine Ridge Reservation in the custody of his grandmother. Id. On October 31, 2023, the South Dakota Department of Social Services (DSS) identified impending danger related to Warrior's son's placement. Id. On November 2, 2023, Judge Stacy

Wickre, a circuit judge in South Dakota's Seventh Judicial Circuit, signed a pick up and placement order for Warrior's son. Id. at 2, 4. The order was executed on the same day. Id. at 4.

Warrior claims that defendants targeted him in retaliation because his mother filed a § 1983 claim against DSS. Id. Specifically, Warrior alleges that DSS Family Services Specialist Shawndai Brandenburgh, formally known as Shawndai Standing Cloud, targeted him and his son and was biased toward Warrior's mother. Id. at 4. She handled Warrior's previous case in 2020, and she currently handles his mother's child custody cases, which is why Warrior alleges that she is "extremely biased towards my biological mother and I." Id. DSS Family Services Specialist Rikki Burgess is the supervisor for Brandenburgh and Warrior's case; she agreed to terminate Warrior's parental rights to his son. Id. at 4. Warrior alleges that Burgess has "treat[ed] [his] case with extreme prejudice." Id. Warrior alleges that Judge Wickre acted improperly by failing to recuse herself from his case when she presided over his mother's child custody cases. Id. at 5.

Warrior sues all defendants in their official capacities. Id. at 2. He claims that defendants violated his rights under the Fourth, Fifth, Sixth, and Fourteenth Amendments based on retaliation and conflict of interest claims. Id. at 4–5. Because of defendants' actions, Warrior has "been emotionally distraught" and "under mental duress." Id. at 4. The only relief Warrior seeks is "to preserve [his] parental rights to [his] biological son." Id. at 7.

### B.   Legal Standard

The court must assume as true all facts well pleaded in the complaint when screening under 28 U.S.C. § 1915A. Est. of Rosenberg v. Crandell, 56 F.3d 35, 36 (8th Cir. 1995). Civil rights and pro se complaints must be liberally construed. Erickson v. Pardus, 551 U.S. 89, 94 (2007); Bediako v. Stein Mart, Inc., 354 F.3d 835, 839 (8th Cir. 2004). Even with this construction, "a *pro se* complaint must contain specific facts supporting its conclusions." Martin v. Sargent, 780

2

F.2d 1334, 1337 (8th Cir. 1985) (citation omitted); see also Ellis v. City of Minneapolis, 518 F. App'x 502, 504 (8th Cir. 2013) (per curiam). Civil rights complaints cannot be merely conclusory. Davis v. Hall, 992 F.2d 151, 152 (8th Cir. 1993) (per curiam) (citation omitted); Parker v. Porter, 221 F. App'x 481, 482 (8th Cir. 2007) (per curiam).

A complaint "does not need detailed factual allegations . . . [but] requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]"  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citations omitted).  If it does not contain these bare essentials, dismissal is appropriate.  Beavers v. Lockhart, 755 F.2d 657, 663 (8th Cir. 1985). Twombly requires that a complaint's factual allegations must be "enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true[.]" Twombly, 550 U.S. at 555 (citations omitted); see also Abdullah v. Minnesota, 261 F. App'x 926, 927 (8th Cir. 2008) (per curiam) (noting complaint must contain either direct or inferential allegations regarding all material elements necessary to sustain recovery under some viable legal theory (citation omitted)).  Under 28 U.S.C. § 1915A, the court must screen prisoner complaints and dismiss them if they "(1) [are] frivolous, malicious, or fail[] to state a claim upon which relief may be granted; or (2) seek[] monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).  This Court will now assess the claims under 28 U.S.C. § 1915A.

## C.     Legal Analysis

Although Warrior claims that his son lives on the Pine Ridge Reservation, he has not alleged that his son meets the definition of an "Indian child"[1] (though the child may well meet that

---

[1] An "'Indian child' means any unmarried person who is under age eighteen and is either (a) a member of an Indian tribe or (b) is eligible for membership in an Indian tribe and is the biological child of a member of an Indian tribe[.]"  25 U.S.C. § 1903(4).  Under ICWA,

definition) and has made no claim that the Indian Child Welfare Act (ICWA) somehow is implicated or violated. Doc. 1 at 4. Warrior's claims appear to relate only to issues currently pending in his state child custody case. Id. at 2, 4–5. "The domestic relations exception, first articulated in Barber v. Barber, 62 U.S. (1 How.) 582, 584 (1859), divests the federal courts of jurisdiction over any action for which the subject is a divorce, allowance of alimony, or child custody." Kahn v. Kahn, 21 F.3d 859, 861 (8th Cir. 1994) (citing Ankenbrandt v. Richards, 504 U.S. 689, 703 (1992)).

Warrior seeks to have this Court "preserve" his rights to his son, presumably by somehow enjoining or otherwise altering the state court proceedings. Doc. 1 at 7. However, the Supreme Court of the United States has held that federal courts should not enjoin pending state proceedings and prosecutions absent extraordinary circumstances. Younger v. Harris, 401 U.S. 37, 53–54 (1971); Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n, 457 U.S. 423, 432 (1982). The United States Court of Appeals for the Eighth Circuit conducts the Younger abstention analysis as a three-part inquiry:

> First, does the underlying state proceeding fall within one of the three "exceptional circumstances" where Younger abstention is appropriate? Second, if the underlying proceeding fits within a Younger category, does the state proceeding satisfy what are known as the "Middlesex" factors? And third, even if the underlying state proceeding satisfies the first two inquiries, is abstention nevertheless inappropriate because an exception to abstention applies?

---

> Any Indian child who is the subject of any action for foster care placement or termination of parental rights under State law, any parent or Indian custodian from whose custody such child was removed, and the Indian child's tribe may petition any court of competent jurisdiction to invalidate such action upon a showing that such action violated any provision of sections 1911, 1912, and 1913 of this title.

Id. § 1914.

4

Wassef v. Tibben, 68 F.4th 1083, 1087 (8th Cir. 2023) (quoting 375 Slane Chapel Rd., LLC v. Stone Cnty., 53 F.4th 1122, 1127 (8th Cir. 2022)).

###### 1.    This Case Qualifies for Younger Abstention

Regarding the first prong set out in Wassef, there are three exceptional circumstances where Younger abstention applies: (1) "ongoing state criminal prosecutions[,]" (2) "certain civil enforcement proceedings[,]" and (3) "pending civil proceedings involving certain orders . . . uniquely in furtherance of the state courts' ability to perform their judicial functions." Sprint Commc'n, Inc. v. Jacobs, 571 U.S. 69, 78 (2013) (internal quotation omitted). The Supreme Court clarified that child custody proceedings constitute exceptional circumstances, making Younger abstention applicable. Moore v. Sims, 442 U.S. 415, 423–35 (1979). "South Dakota's temporary custody proceedings are civil enforcement proceedings to which Younger principles apply." Oglala Sioux Tribe v. Fleming, 904 F.3d 603, 610 (8th Cir. 2018).

Here, the first prong under Wassef is met because Warrior's claim relates to a state child custody proceeding. Doc. 1 at 4–5. See also Tony Alamo Christian Ministries v. Selig, 664 F.3d 1245, 1249 (8th Cir. 2004) ("[T]here is no doubt that state-court proceedings regarding the welfare of children reflect an important state interest that is plainly within the scope of the [Younger] doctrine."). Warrior also seems to indicate that his child custody case is still ongoing. See Doc. 1 at 5 (alleging that Judge Wickre "has failed to recuse herself in [his] current case.").

###### 2.    Middlesex Factors Favor Abstention

The second prong in Wassef involves applying the Middlesex factors, which query whether the state proceeding "(1) is judicial in nature, (2) implicates important state interests, and (3) provides an adequate opportunity to raise constitutional challenges." Minn. Living Assistance,

Inc. v. Peterson, 899 F.3d 548, 553 (8th Cir. 2018) (citing Middlesex, 457 U.S. at 432). Regarding

the first two factors, this Court previously held:

> First, the child custody proceedings are undoubtedly judicial in nature. See SDCL
> § 26-7A-1 et seq. Second, the proceedings implicate an important state interest, as
> "[t]he government has a compelling interest in protecting minor children, especially
> when it is necessary to protect them from their [custodian]." Mitchell v. Dakota
> Cnty. Soc. Servs., 959 F.3d 887, 897 (8th Cir. 2020).

Black Bear v. Lingren, 5:23-CV-05049-RAL, 2025 WL 588187, at *7 (D.S.D. Feb. 24, 2025). As

to the third factor, South Dakota law permits the child's parents, guardian, or custodian to appear

before the court, provides the right to file a motion for new hearing at the conclusion of the

proceedings, and if that motion is denied, the parties have the right to appeal. See id. (citing SDCL

§ 26-7A-30). Although Warrior alleges that he was incarcerated, there is no indication in his

filings that he, his attorney, or his representative was not present at the child custody proceedings

or that there were inadequate procedures to raise a constitutional challenge. See generally Doc. 1.

Therefore, Warrior has not shown that the South Dakota law somehow impedes him from raising

constitutional challenges in the state court case, and application of the Middlesex factors to the

present case favor abstention.

### 3.    No Exceptions to Abstention Apply

Even if the first two prongs under Wassef are satisfied, the third prong instructs courts to

inquire as to whether abstention is "nevertheless inappropriate because an exception to abstention

applies[.]" Wassef, 68 F.4th at 1087 (internal quotation omitted). This Court provided guidance

as to when abstention may be inappropriate:

> Abstention may be inappropriate where there is a "showing of bad faith,
> harassment, or some other extraordinary circumstance." Middlesex, 457 U.S. at
> 435. Courts also should not abstain "where a state statute is 'flagrantly and patently
> violative of express constitutional prohibitions in every clause, sentence and
> paragraph, and in whatever manner and against whomever an effort might be made

6

to apply it.' " Plouffe v. Ligon, 606 F.3d 890, 893 (8th Cir. 2010) (quoting Trainor v. Hernandez, 431 U.S. 434, 447 (1977)).

Black Bear, 2025 WL 588187, at *7. "While the Supreme Court has not ruled out use of the bad faith exception in civil cases . . . it has never directly applied the exception in such a case, and we have only recognized it in the criminal context. Such an exception must be construed narrowly and only invoked in 'extraordinary circumstances.' " Aaron v. Target Corp., 357 F.3d 768, 778 (8th Cir. 2004) (citation omitted).

In this case, Warrior alleges that the defendants are "treating [his] case with extreme prejudice" and "targeting" Warrior and his son. Doc. 1 at 4–5. The child custody proceedings and allegations in Black Bear were similar to those in the present case, and this Court declined to apply the bad faith exception. Black Bear, 2025 WL 588187, at *7; see also Tony Alamo Christian Ministries, 664 F.3d at 1254 (dismissing as implausible allegations that "Defendants conducted the investigation and seized the children in 'bad faith,' that is, in order to harass and intimidate"). Here, Warrior does not allege sufficient facts demonstrating bad faith, nor does he provide facts demonstrating that these are the type of extraordinary circumstances where this exception would apply.

Because all elements for Younger abstention are met, this Court abstains from exercising jurisdiction over Warrior's claims regarding his state child custody proceedings.[2]

---

[2] The only relief Warrior seeks is that his parental rights be preserved. Doc. 1 at 7. Thus, even if any of Warrior's claims would fall outside the purview of Younger, they are dismissed without prejudice under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1) because he has not requested relief that would redress any allegedly unlawful conduct. In order to have Article III standing, "[a] plaintiff must allege personal injury fairly traceable to the defendant's allegedly unlawful conduct and likely to be redressed by the requested relief." Patel v. U.S. Bureau of Prisons, 515 F.3d 807, 816 (8th Cir. 2008) (quoting Hein v. Freedom From Religion Found., Inc., 551 U.S. 587, 598 (2007)).

7

## II.    Conclusion

Accordingly, it is ORDERED that Warrior's complaint, Doc. 1, is dismissed without prejudice under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).

DATED August **26**, 2025.

BY THE COURT:

ROBERTO A. LANGE
CHIEF JUDGE

8